UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cr-80030-WPD

UNITED STATES
        Plaintiff,

vs.

DAVID WINSAUER,
PHILLIP BRAUN,
AARON SINGERMAN,
JAMES BOCCUZZI,
BLACKSTONE LABS, LLC,
VENTECH LABS,
        Defendants.

_____/

## DEFENDANTS' MOTION IN LIMINE #1

COMES NOW, the Defendants DAVID WINSAUER, PHILLIP BRAUN, AARON SINGERMAN, JAMES BOCCUZZI, BLACKSTONE LABS, LLC, and VENTECH LABS, by and through their undersigned attorneys, and file this their Motion in Limine to exclude from evidence and prevent the government from making any reference to the **"Euphoria video"**[1] and as grounds therefore respectfully states as follows:

### I. Factual Background

The Defendants were indicted on March 4, 2019 in a multi-count indictment alleging, among other things, conspiracy and distribution of controlled substances. The relevant portion of the Indictment here is Count One. The Indictment alleges that the Defendant conspired to (1) unlawfully enrich themselves by using materially false and misleading statements to distribute

1

certain specified products in interstate commerce they claimed to be legal dietary supplements but were in fact illegal to distribute, and in some cases hazardous to consumers, and (2) distribute certain specified products in interstate commerce these illegal products without detection by the Food and Drug Administration.

As part of Count One of the Indictment the Grand Jury laid out the Paragraph 11 Manner and Means by which the Defendants and their co-conspirators sought to accomplish the objects and purposes of the conspiracy. In particular, the allegation is found in Manner and Means Number 11 and reads as follows:

> 11. Conspirators distributed hundreds of thousands of bottles of illegal products nationwide and outside the United States, including the following products:
> a.  designer steroids such as "Super DMZ RX 2.0", which contained dimethazine and methylstenbolone, and "Alpha-1 Max," which contained methyl-1-eticholenolol;
> b.  SARMs, such as Ostapure," "Ostapro" and "PCT IV," all of which contained ostarine;
> c.  stimulants, such as "Angel Dust," which contained 4-amino-2-methylpentane citrate, also known as AMP Citrate."
> d.  nootropics, such as "Euphoria RX," which contained picamilon; and
> e.  other products that violated the FDCA.

On October 4, 2014, Blackstone Labs published a product video on YouTube. This video advertised a Blackstone supplement known as Euphoria Rx set out in Manner and Means allegation paragraph 11 in the Indictment.

The statute in question, the Designer Anabolic Steroid Control Act of 2014 (DASCA), was enacted and became effective on December 18, 2014, after the published date of the Blackstone Euphoria video.

---

[1] "Euphoria video" will be produced for the Court's viewing at said hearing.

During the course of the Indictment, one of the co-defendants was seen interacting with a female blow up doll on the published YouTube video dated October 4, 2014. That performance was to emphasize the sexual enhancement the product was expected to deliver. The video lasts approximately 6 minutes 53 seconds.

## II.  Memorandum of Authorities in Support of Motion in Limine

Rule 402 and 403 of the Federal Rules of Evidence govern the admissibility of evidence. Rule 402 provides that evidence which is not relevant is not admissible. Rule 403 governs the exclusion of irrelevant evidence on the grounds its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In order to fall within Rule 403 exception to relevant evidence, the evidence must be unfairly prejudicial. See *United States v. Giminez*, 487 Fed.3rd 1140 (8th Cir. 2007). Rule 403 protects against evidence that is unfairly prejudicial if it tends to suggest decisions on an improper basis. Citing *United States v. Gloster*, 185 Fed.3rd 910, 914 (D.C. Cir. 1999) (noting that Rule 403 focuses not on the prejudice but on the danger of unfair prejudice) (internal quotation marks omitted).

The United States Supreme Court has noted that unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the fact finder in deciding guilt on a ground different from proof specific to the offense charged. See *Old Chief v. United States*, 519 U.S. 172, 180 (117 Sup.Ct. 644, 136 L.Ed. 2nd 574 (1997).

3

Courts assess admissibility of extrinsic bad act under Rule 404 using a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find the defendant committed an extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403. *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003).

Part three of the test is an analysis of Rule 403. In making Rule 403 determinations District Courts need to conduct common sense assessment of the circumstances of the extrinsic act, including prosecutorial need, overall similarity between the extrinsic act and the charged offenses, as well as the remoteness of the extrinsic act. *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997). Here the extrinsic evidence is devoid of standalone probative value as to the underlying offenses charged in the Indictment. The risk of prejudice here is apparent. Introducing the extrinsic act would increase the risk that the jury would engage in propensity reasoning.

Indictments and evidence should not make the jury cognizant of any prior bad acts beyond those necessary as an element of the offense charged. *United States v. King*, 897 F.2d 911 (7th Cir. 1990); *United States v. Wilson*, 922 F.2d 1336 (7th Cir. 1991).

For the above and foregoing reasons the Court should grant the Defendant's motion in limine as being unnecessary to the prosecutor's case as well as unduly prejudicial to the Defendant and further, the government should be prohibited from making any reference or argument about same in the opening statement and throughout the remainder of the trial in this cause.

4

REQUEST FOR HEARING

Pursuant to Rule 7.1(b)(2) of the Local Rules, Defendants hereby request an evidentiary hearing on their Motion in Limine. A hearing at which the Court can hear sworn testimony and consider evidence in the form of exhibits will aid the Court in rendering findings of fact and conclusions of law. The Defendants anticipate that a hearing would require 30 minutes.

CONSULTATION WITH OPPOSING COUNSEL (LOCAL RULE 88.9)

Undersigned counsel has provided a copy of said motion and conferred with the government's attorneys, Alistair Reader, Trial Attorney, and David Frank, Senior Litigation Counsel, Consumer Protection Branch, United States Department of Justice. They object to the Court granting this Motion.

CERTIFICATE OF SERVICE

I CERTIFY that on January 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By:

/s/ Robert J. Buonauro
Robert J. Buonauro, BCS, LLC
435 Canal Street, Suite 208
New Smyrna Beach, FL 32168
(407) 841-1940
Robert@buonauro.com

        Florida Bar No. 150756
        Attorney for Defendant David Winsauer


Benedict P. Kuehne, Esq.
Michael T. Davis, Esq.
100 SE 2nd Street, Suite 3550
Miami, FL 33131
Ben.Kuehne@kuehnelaw.com
MDavis@kuehnelaw.com

Richard Lubin, Esq.
Amy Morse, Esq.
707 N. Flagler Drive
West Palm Beach, FL 33401
rich@lubinlaw.com debi@lubinlaw.com
amy@morselegal.com

Nancy Vorpe Quinlan, Esq.
515 North Flagler Drive, Suite 701
West Palm Beach, FL 33401
nquinlan@palmbeachdefense.com

J. Stephen Salter, Esq.
8975 Pompano Way
Gulf Shores, AL 365163042-8123
umstakwit@aol.com

Robert L. Shearin, Esq.
1700 South Federal Highway, Suite 501
Boca Raton, FL 33432
RLshearin1@yahoo.com